Merchants' Bank v. Scott.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 5, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]

---

## THE MERCHANTS' BANK vs. CORNELIA M. SCOTT, impleaded, &c.

A motion for a new trial, on a case and exceptions, after final judgment has been rendered without appealing from the judgment, has not been provided for by the Code, and is entirely inconsistent with the whole plan and scheme of practice as therein prescribed.

The general term has no right to hear a mere motion for a new trial, on exceptions, where judgment has been already rendered and no appeal taken.

If judgment has been irregularly or improperly entered contrary to the order at the trial, the unsuccessful party should make his motion to have it set aside, before bringing his motion on the exceptions to argument. Otherwise he cannot appeal from the judgment.

The only practice known to the Code, when judgment has been rendered by the special term, is to review it on appeal on case and exceptions, or upon the record, if no case is made.

Where, upon the face of a note, made by a married woman, and by its express terms, the maker charges her separate estate, the case of *The Corn Exchange Ins. Co.* v. *Babcock*, (42 *N. Y. App.* 613,) is conclusive authority against her, in an action upon the note.

THIS case came before the court on a case and exceptions. The action was upon a promissory note made by the defendant, a married woman, which expressly stated that

it was " for the benefit of my separate estate, upon which I make this note a lien and charge." On the trial, the jury, under the direction of the court, found a verdict in favor of the plaintiff, for the amount of the note and interest. The court granted a stay of proceedings, to enable the defendant to make and serve a case and exceptions. Judgment was subsequently entered, upon the verdict; from which no appeal had been taken.

*Hammond & Winslow*, for the plaintiff.

*D. O'Brien*, for the defendant.

*By the Court*, JOHNSON, J. This case is not properly before us. On the trial at the circuit, the court directed the jury to find a verdict in favor of the plaintiff for the amount of the note. It then, as appears by the case, made an order that " all proceedings be stayed on the judgment for sixty days, to enable the defendant to make and serve a case and exceptions, and that the same be heard in the first instance at general term, and in the meantime that the judgment be suspended." Final judgment has been entered, as appears by the case, and the case contains a stipulation signed by the respective attorneys of the parties, " that the foregoing is the judgment roll, case and exceptions in the within entitled action." There is no appeal from the judgment, and the defendant comes to be heard on exceptions, with a final and absolute judgment against her, from which no appeal has been taken.

The Code, section 265, provides that a motion for a new trial, on a case or exceptions, must, in the first instance, be heard and decided at the circuit or special term, except that when exceptions are taken, the judge trying the cause may, at the trial, direct them to be heard in the first instance at the general term, and the judgment be in the

meantime suspended; and in that case they must be there heard in the first instance, and judgment there given. Here judgment has been entered before the exceptions are brought before the general term, and the judgment has not been appealed from, so far as appears by the case. A judgment can only be reviewed, and reversed, or affirmed, on appeal. (*Code,* § 323.) A motion for a new trial, on a case and exceptions, after final judgment has been rendered, without appealing from the judgment, has not been provided for by the Code, and is entirely inconsistent with the whole plan and scheme of practice as therein prescribed. I think the general term has no right to hear a mere motion for a new trial, on exceptions, where judgment has been already rendered and no appeal taken. The judge who tried the cause made the proper order required by the Code. But judgment has been rendered, notwithstanding, by the special term, and the record is before us as part of the case. If the judgment has been irregularly or improperly entered, contrary to the order at the trial, the defendant should make his motion to have it set aside, before bringing his motion on the exceptions to argument. Otherwise, he must appeal from the judgment. The only practice known to the Code, when the judgment has been rendered by the special term, is to review it on appeal on case and exceptions, or upon the record, if no case is made. This question, however, is not raised by the plaintiff's counsel, and the question is, whether we shall hear and consider the exceptions, or dismiss the case as improperly before us.

There is certainly no merit in the defendant's exceptions, and practically it is of little importance to her which course is taken. On the face of the note, and by its express terms, she charges her separate estate, and the case of *The Corn Exchange Ins. Co.* v. *Babcock,* (42 *N. Y. App.* 613,) is conclusive authority against her. It is suggested

that there was no evidence that she had any separate estate. But no such question was raised on the trial, and if material, cannot now be raised here.

The case was evidently tried upon the assumption that she had separate property.

Case dismissed as not properly before us.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, June 5, 1871. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]